ATTORNEY GENERAL LOVING HAS ASKED THAT I RESPOND TO YOUR RECENT LETTER REQUESTING AN INFORMAL OPINION REGARDING THE AUTHORITY OF THE SYSTEM TO HIRE OUTSIDE LEGAL COUNSEL. THEREFORE THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL; IT REPRESENTS RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
AS YOU ARE AWARE THE BOARD HAS SPECIFIC AUTHORITY PURSUANT TO 47 O.S. 2-303.1 (1991) TO RETAIN AN ATTORNEY. IT IS A CARDINAL RULE OF STATUTORY CONSTRUCTION THAT A SPECIFIC STATUTE CONTROLS OVER A MORE GENERAL PROVISION. THE OKLAHOMA SUPREME COURT HAS HELD:
 "IT IS A LONG-STANDING RULE OF CONSTRUCTION IN THIS JURISDICTION THAT WHERE THERE ARE TWO STATUTORY PROVISIONS, ONE OF WHICH IS SPECIAL AND CLEARLY INCLUDES THE MATTER IN CONTROVERSY, AND PRESCRIBES DIFFERENT RULES AND PROCEDURES FROM THOSE IN A GENERAL STATUTE, THE SPECIAL STATUTE AND NOT THE GENERAL STATUTE APPLIES."
SOUTHWESTERN BELL TELEPHONE CO. V. OKLA. CO., 618 P.2D 915, 919 (OKLA.1980).
THEREFORE, APPLYING THIS RULE OF CONSTRUCTION TO YOUR QUESTION IT IS CLEAR THAT THE LEGISLATURE HAS PROVIDED SPECIFIC STATUTORY AUTHORITY FOR THE OLERS BOARD TO RETAIN OUTSIDE LEGAL COUNSEL, RATHER THAT UTILIZE THE OFFICE OF ATTORNEY GENERAL FOR LEGAL SERVICES AS PROVIDED FOR BY GENERAL STATUTORY AUTHORITY IN 74 O.S. 18C (1991). THERE ARE NUMEROUS OTHER EXAMPLES OF AGENCIES WHICH HAVE BEEN GRANTED SPECIFIC AUTHORITY TO HIRE LEGAL COUNSEL. SEE, 59 O.S. 15.5 (1991) (PUBLIC ACCOUNTANCY BOARD), 59 O.S. 328.4 (BOARD OF GOVERNORS OF REGISTERED DENTISTS) AND 74 O.S. 908 (OPERS/STATE EDUCATION EMPLOYEES GROUP INSURANCE BOARD).
(VICTOR N. BIRD)